Natividad Hernández, Plaintiff and Appellee, *v.* Lydia Cruz Román, Defendant and Appellant.

No. 7030.   Argued May 6, 1935.—Decided May 20, 1935.

*Lloréns Torres & O'Neill* for appellant.   *Victoriano M. Fernández* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

In an unlawful detainer proceeding on March 21, 1935, the District Court of San Juan rendered judgment for the plaintiff which included a finding or showing that defendant held at will (*en precario*). The judgment was not notified to the defendant until the 26th of March, 1935. She appealed on the 23rd of March of that year, three days before the entry of notice, and apparently served attorney for the plaintiff. Subsequent to the judgment entry appellant took no further steps looking to a transfer of the cause. After the appeal defendant filed no bond of any kind. The appellee moves to dismiss on four grounds. The first ground will suffice and it will be unnecessary to consider the alleged frivolity involved in the fourth ground.

Section 12 of the Unlawful Detainer Act provides:

"Whenever the action of unlawful detainer is founded upon the nonpayment of the amounts agreed upon, the defendant shall be denied the right of appeal unless he deposits in the office of the secretary of the court the amount due as the price up to the date of the judgment. In all other cases it shall be an indispensable requisite to the right of appeal on the part of the defendant that he furnish an undertaking, to the satisfaction of the court, binding himself to pay all damages which may be occasioned to the plaintiff, and also

the costs of the appeal. Both the deposit and the undertaking referred to in this section shall be made or filed within the time granted for taking an appeal."

As the appellant gave no bond the appeal must be dismissed. *Soto Gras* v. *Boardman,* 38 P.R.R. 219; *Alvira* v. *Ayala,* 38 *Decisiones de Puerto Rico,* 1014.*

█ The appellee also moved to dismiss the appeal because it was prematurely filed. After a judgment is entered the defendant has a right to appeal without waiting for a notice. *Veve* v. *Fájardo Sugar Co.,* 17 P.R.R. 997; *Torres* v. *Calaf,* 17 P.R.R. 1137; *Heirs of Andrades* v. *Sosa,* 45 P.R.R. 710.

Hence it is unnecessary to consider the objection that the appeal was not taken within five days after the notification of the judgment.

The appeal will be dismissed.

---

* NOTE.—Memorandum decision not published in the English edition of these reports. See Preface of this volume and note on page 910, vol. 38 P.R.R.